### Richard J. Blemaster, Appellee, v. Thomas Rockey, Appellant.

#### Gen. No. 6,149.  (Not to be reported in full.)

Appeal from the Circuit Court of Stephenson county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 14, 1916. Rehearing denied May 24, 1916.

#### Statement of the Case.

Action in assumpsit by Richard J. Blemaster, plaintiff, against Thomas Rockey, defendant, to recover the market value of his equity in residence property conveyed to defendant under an alleged oral agreement claimed to have not been performed on defendant's part. From a judgment for plaintiff, defendant appeals.

In November, 1910, the plaintiff purchased from the defendant a residence property in the City of Free-

port, and in consideration therefor conveyed him an equity in an eighty acre tract of land in Michigan, and paid him $3,300. Plaintiff obtained a loan of the $3,300 by mortgaging the Freeport property. February 21, 1911, he executed a warranty deed of that property to defendant for an expressed consideration of $4,300. This deed was never recorded, and plaintiff testified that it was executed as a security for a $200 obligation incurred for him by the defendant. In May, 1913, plaintiff executed another warranty deed of the premises, which was delivered to the defendant. The consideration expressed in the deed was $4,500, and it recited that the grantee assumed and promised to pay mortgage incumbrances of $3,300 and $100 respectively. Plaintiff's claim was that this last conveyance was made in pursuance of an oral agreement that he would convey the premises to defendant and pay him $400 in money, and that defendant should assume and pay the mortgage indebtedness and convey to plaintiff the equity in the eighty acre tract of land in Michigan and cancel plaintiff's two notes of $100 and $200, respectively, which defendant had discounted at a bank; that he executed and delivered the deed and afterwards tendered appellant $400, but defendant refused to accept the money and refused to convey the Michigan property, and failed or refused to cancel or cause to be canceled the two notes.

Defendant's claim was that plaintiff was involved in debts and financial difficulties and he was endeavoring to aid him, and for that purpose took the deed of the Freeport property and assumed the mortgage indebtedness thereon that the creditor might have the benefit of his responsibility; that nothing was said about the Michigan land or about plaintiff's paying him $400 at that time; that he had at other times offered to convey the Michigan property for $400, and at one time had a deed executed to be delivered on payment of that sum, but the money was never offered

him; that he held the deed of the Freeport property as a mortgage and there was never any agreement, intent or purpose that it should operate as a conveyance evidencing a bargain and sale. He did not deny plaintiff's statement that the prior deed of February 21, 1911, was intended as a mortgage, but insisted that it operated as an estoppel on plaintiff to claim that the later deed was to convey the title.

The court, at the instance of the plaintiff, gave the jury the following instruction:

"You are instructed that if you believe from a preponderance of all the evidence, that the plaintiff and defendant entered into an oral agreement whereby the plaintiff was to convey to the defendant all his interest in the house and lot in question in this suit, and in addition thereto was to pay the defendant the sum of four hundred dollars and in consideration thereof the defendant agreed to convey to the plaintiff a certain eighty acre tract of land in Michigan, and if you further believe, from a preponderance of all the evidence that the plaintiff did convey the house and lot in question to the defendant and in addition thereto offered to the defendant the sum of four hundred dollars legal tender of the United States of America, and if you further believe, from a preponderance of all the evidence, that the defendant refused to convey to the plaintiff the said eighty acre tract of land in Michigan and refused to accept the said sum of four hundred dollars, then you will find the issues for the plaintiff and assess the plaintiff's damages against the defendant at such sum, if any as you may believe, from a preponderance of the evidence, the fair cash market value of plaintiff's interest in said house and lot in the city of Freeport, at the time of such conveyance thereof, exceeded the incumbrance thereon."

ROBERT P. ECKERT, for appellant.

ELWYN R. SHAW, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. ESTOPPEL, § 33*—*when giving of deed as mortgage does not estop grantor to claim that later deed not mortgage.* The fact that the owner of property gives one deed as a mortgage to cover indebtedness does not estop him from claiming that another deed reciting that the grantee assumes and promises to pay other mortgage incumbrances was not intended as a mortgage.

2. MORTGAGES, § 38*—*when evidence sufficient to establish absolute conveyance and not mortgage of real property.* In an action of assumpsit to recover the market value of an equity in residence property which was conveyed by deed from plaintiff to defendant under an alleged oral agreement not performed by defendant, evidence *held* sufficient to sustain a finding that the deed was intended as an absolute conveyance of the property as claimed by plaintiff, and not as a mortgage, as contended by defendant.

3. DAMAGES, § 66*—*what is measure of for breach of oral contract to convey property.* In an action of assumpsit to recover the market value of an equity in residence property which was conveyed by deed to defendant by plaintiff under an alleged oral agreement by which plaintiff was to convey such property, subject to the mortgages thereon, to defendant and pay a certain sum of money equivalent to three notes against plaintiff which had been held by defendant, but had been transferred to another person, in consideration of the cancellation of such notes and the conveyance of other property, an instruction that if the jury found that the agreement was as stated and defendant refused to perform the contract they should find for the plaintiff and assess his damages at such sum as they believed, from a preponderance of the evidence, the fair market value of plaintiff's interest in such property exceeded the incumbrance thereon, approved.

4. COURTS, 138*—*when cause not transferred to equity side of court.* A vendee sued at law for the purchase price of real estate cannot transfer the action to the equity side of the court by pleading and attempting to prove that the deed was given as a mortgage unless he succeeds in establishing the truth of his statements.

5. ASSUMPSIT, ACTION OF, § 6*—*when lies to recover value of property conveyed under oral agreement.* Where land is conveyed to another under an alleged oral agreement by which the vendor is to convey such property, subject to incumbrances, to the vendee and to

*See **Illinois Notes Digest,** Vols. **XI** to **XV,** and **Cumulative Quarterly,** same topic and section number.

pay a certain sum equivalent to outstanding notes of vendor's in favor of vendee, in consideration of the cancellation of such notes and the conveyance of other property, the refusal of vendee to convey such other property constitutes a termination of the express contract and authorizes an action in assumpsit to recover on an implied agreement.

6. ASSUMPSIT, ACTION OF, § 89*—*when evidence sufficient to sustain verdict as to value of property.* In an action of assumpsit to recover the market value of residence property conveyed to defendant under an oral contract, which was breached by defendant, evidence *held* sufficient to sustain the verdict as to the value of such property.

7. APPEAL AND ERROR, § 1447*—*when error in refusing leave to file special pleas and in sustaining demurrers to special pleas harmless.* Any error in an action of assumpsit in refusing defendant leave to file special pleas and in sustaining demurrers to special pleas is harmless where defendant is not deprived in the introduction of evidence, or in the instructions to the jury, of any legal right to which he is entitled under the facts.